No. 27,299.

O. F. KRUEGER, *Appellee*, v. PAUL C. HAMMOND, *Appellant*.

SYLLABUS BY THE COURT.

FRAUDULENT CONVEYANCES — *Bulk-sales Act* — *Diminutive Sale Not Within Act*. A sale by an operator of a garage of four tubes and eight casings for automobiles, which were all the new tubes and casings the seller had, to a single purchaser without compliance with the requirements of the bulk-sales law is not deemed to be within the purpose or purview of that act.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed April 9, 1927. Reversed.

*R. E. Angle*, of Wichita, for the appellant.

*J. Graham Campbell, Ray Campbell* and *Lloyd F. Cooper*, all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case involves the single question whether a sale of four tubes and eight automobile casings by O. H. Davis,

---

Fraudulent Conveyances, 27 C. J. pp. 882 n. 26, 883 n. 29; 2 L. R. A. n. s. 340; 12 R. C. L. 526.

a garage man and a retail dealer in tires, to the defendant, a retail dealer, without compliance with the provisions of the bulk-sales law, was void as against the plaintiff, a creditor of Davis.

The case was tried upon an agreed statement of facts which showed that O. H. Davis was engaged in the garage business in a building specially erected for that purpose, that he repaired cars, did battery charging, welding, generator repairing, starter repairing and washing of cars, and did a general garage and storage business. During March and April, 1925, he purchased from plaintiff fifteen casings and sixteen tubes, which he had thereafter offered for sale, and he carried no other accessories or new tires and tubes except those purchased from plaintiff. On April 30, 1925, he sold the four tubes and eight casings to the defendant, which were all the new tires and tubes he had on hand, and he then had left only a few used tires. Davis purchased the tires and tubes for sale at retail and sold them to defendant without attempting to comply with the bulk-sales law. The court held the transaction to be within the bulk-sales law. The articles, four tubes and eight casings, were so few and so diminutive that a disposal of them cannot be regarded as a bulk sale. They constituted merchandise, of course, and were a part of his stock, but the things sold were so small in number and value that they cannot be regarded as within the spirit and reason of the law. Neither can it well be said that the sale of that number of articles to one purchaser was outside of the ordinary course of the trade or business of the seller. It included no more tubes than were essential to a single car, and no more casings than would be necessary to equip two cars, and must be regarded as a small retail transaction. There was not sufficient bulk in these to make the sale of them a violation of the bulk-sales law.

We have no disposition to restrict or minimize a law enacted to protect creditors from fraudulent sales of merchandise by a debtor, but our conclusion is that the sale should be regarded as made in the ordinary course of business, and is too inconsequential to be within the purpose for which the statute was enacted.

The judgment is reversed and the cause remanded with direction to enter judgment for the defendant.